UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID KISSI, <br><br> Plaintiff, <br><br> v. <br><br> BOAHEMAA TAWIAH SARKODIE, *et al.*, <br><br> Defendants. | Civil Action No. 23-22852 (MAS) (RLS) <br><br> **MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Plaintiff David Kissi's motion for default judgment. (ECF No. 23.) The Court does not reach the merits of Plaintiff's motion, however, because he has failed to demonstrate that this Court has subject-matter jurisdiction over his claims.

Importantly, "[f]ederal [c]ourts are courts of limited jurisdiction and have an obligation to establish subject[-]matter jurisdiction, even if they must decide the issue sua sponte." *Cepulevicius v. Arbella Mut. Ins.*, No. 21-20332, 2022 WL 17131579, at *1 (D.N.J. Nov. 22, 2022) (emphasis omitted) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995)); *see also Council Tree Commc'ns, Inc. v. F.C.C.*, 503 F.3d 284, 292 (3d Cir. 2007) (finding that federal courts have an unflagging responsibility to reach the correct judgment of law, especially when considering subject-matter jurisdiction "which call[s] into question the very legitimacy of a court's adjudicatory authority" (citation omitted)); *Gov't Emps. Ret. Sys. of Gov't of U.S. V.I. v. Turnbull*, 134 F. App'x 498, 500 (3d Cir. 2005) ("Considerations of ripeness are sufficiently important that [federal courts] are required to raise the issue sua sponte, even when the parties do not question [the court's] jurisdiction." (emphasis omitted) (citing *Suburban Trails, Inc. v. N.J.*

*Transit Corp.*, 800 F.2d 361, 365 (3d Cir. 1986)). A plaintiff can demonstrate that subject-matter jurisdiction is proper in this Court in one of two ways: (1) by alleging a federal question on the face of the Complaint; or (2) through diversity jurisdiction wherein the plaintiff brings his causes of action against a defendant from another state and seeks greater than $75,000 in damages. *In re Morrissey*, 717 F.2d 100, 102 (3d Cir. 1983); 28 U.S.C. § 1331 (setting forth what is required for federal question jurisdiction); 28 U.S.C. § 1332 (setting forth what is required for diversity jurisdiction).

Here, Plaintiff has failed to allege a federal question or diversity jurisdiction. First, it is unclear what claims Plaintiff attempts to bring against Boahemaa Tawiah Sarkodie, Nana Christian Ansah, Christian Kwabena Ansah, and Helena Christian (Ariba) Ansah (collectively "Defendants"). (*See generally* Compl., ECF No. 1 (failing to identify any specific claims against the Defendants).) Even if the Court construes his allegations as attempting to bring contract and/or fraud claims, (Compl. 1 (alleging that Plaintiff's half-sister promised to repay him for certain debts); *id.* 3 (accusing one of the Defendants of fraud)), both categories of claim are not federal questions because state law governs their disposition.[1] As such, there is no federal question jurisdiction in this Court.

Second, nowhere in his Complaint does Plaintiff identify where Defendants reside such that this Court can assess whether it might have diversity jurisdiction over this matter. (*See generally id.*) Even if Plaintiff did identify Defendants' places of residence, this Court *still* would not have subject-matter jurisdiction over his claims because he seeks $74,000, which is below the

---

[1] Plaintiff also asks this Court to "charge" one of the Defendants with perjury under 28 U.S.C. § 1746. This Court does not have the power to individually charge any defendant with perjury, nor can Plaintiff himself bring a civil claim for perjury under 28 U.S.C. § 1746. As such, 28 U.S.C. § 1746 cannot serve as a basis for federal question jurisdiction.

jurisdictional threshold. 28 U.S.C. §1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000"). As such, this Court does not have diversity jurisdiction over this matter.

Without either federal question or diversity jurisdiction, this Court cannot consider Plaintiff's claims and must dismiss this action. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case. 'For a court to pronounce upon [the merits] when it has no jurisdiction to do so . . . is . . . for a court to act ultra vires.'" (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02 (1998)).[2]

For the reasons set forth above,

**IT IS** on this 10th day of December 2024, **ORDERED** that:

1. Plaintiff's motion for default judgment (ECF No. 23) is **DENIED**.

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff will have 30 days from the filing of this Order on the docket to file an amended complaint.

---

[2] The Court also notes that Plaintiff, in filing his Complaint, may have improperly attempted to remove a state action to this Court. (Compl. 1-2 (detailing a list of state court proceedings related to this matter and indicating that he is "[s]eeking a [c]hange of [v]enue").) Such is an impermissible act by a plaintiff, *see* 28 U.S.C. § 1446, and should Plaintiff seek to bring claims against Defendants in this Court independent from those sought in state court, he must file an independent Complaint that evidences this Court's subject-matter jurisdiction over his claims.

4. The Clerk's Office is directed to close this case.

5. The motion at ECF No. 18 is **DENIED** as moot.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**